UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FULTON Q. GRIFFITH,

    Petitioner,

v.                                         CASE NO: 8:08-CV-458-T-30TGW

WARDEN BRYANT, et al.,

    Respondents.
_____/

# ORDER

Fulton Q. Griffith, (hereinafter referred to as "Petitioner"), proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Dkt. 1). The Court has considered the petition, Respondents' response, (Dkt. 13), and Petitioner's reply, (Dkt. 15). Upon review, the Court determines that it must dismiss the petition for lack of jurisdiction because Petitioner is not "in custody" as required under 28 U.S.C. §2254.

## JURISDICTION

This Court has jurisdiction "to entertain an application for a writ of habeas corpus in behalf of a person <u>in custody</u> pursuant to the judgment of a state court only on the ground that he is <u>in custody</u> in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a) (emphasis added). Petitioner was released from custody on September 7, 2001, and filed this petition on March 10, 2008. Therefore, this Court does not have jurisdiction and the petition must be dismissed. *Birotte v. Sec'y for the Dep't of Corr.*, 236 Fed. Appx. 577 (11th Cir. Fla. 2007).

Even if this Court had jurisdiction, the petition would fail because it fails to satisfy the other prerequisites of 28 U.S.C. §2254(d) and (e). Only for purposes of explaining to Petitioner why his claims would fail even if entertained on the merits, the Court will proceed to discuss the claims he has raised.

## **BACKGROUND**

Petitioner was charged by information with robbery and aggravated battery. (Dkt. 13 at 2, Ex. 1). On July 21, 1997, Petitioner pled no contest to the charges in exchange for a sentence of 60 months incarceration. (Dkt. 13 at 2, Ex. 2). In 2003, Petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, raising a claim of newly discovered evidence on January 9, 2003. (Dkt. 13 at 2). The circuit court denied the motion. (Dkt. 13 at 2).

After the Second District Court of Appeal affirmed the denial of Petitioner's motion without prejudice, Petitioner filed a "motion of manifest injustice and/or response to the court's order," raising a claim of actual innocence based on newly discovered evidence pursuant to Florida Rule of Criminal Procedure 3.850. (Dkt. 13 at 3). An evidentiary hearing was held on November 16, 2004, and the circuit court denied Petitioner's motion for postconviction relief based on his claim of newly discovered evidence. (Dkt. 13 at 3, Ex. 11-14). Petitioner appealed the denial, and on March 10, 2006, the Second District Court of Appeal reversed and remanded for a new evidentiary hearing. (Dkt. 13 at 3, Ex. 18). The appellate court held that the trial court failed to give Petitioner the opportunity to fully present his case and cross-examine witnesses at the first hearing.

A second evidentiary hearing was held on July 7, 2006, and the circuit court again entered an order denying Petitioner's motion for postconviction relief. (Dkt. 13 at 4, Ex. 20). The Second District Court of Appeal affirmed on February 20, 2008. (Dkt. 13 at 4, Ex. 25). On March 10, 2008, Petitioner filed this petition for federal writ of habeas corpus pursuant to 28 U.S.C. §2254. (Dkt. 1).

## **DISCUSSION**

Petitioner alleges he is actually innocent based on newly discovered evidence that the victim recanted her identification of Petitioner as her assailant. Respondent contends that the petition should be denied because (1) claims of actual innocence based on newly discovered evidence are not grounds for federal habeas relief absent an accompanying constitutional violation, and (2) the state court ruling was a reasonable application of clearly established federal law.

Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding. *Herrera v. Collins,* 506 U.S. 390, 400 (U.S. 1993). A claim of innocence is thus "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Schlup v. Delo*, 513 U.S. 298, 315 (U.S. 1995).

Since Petitioner filed his petition pro se, the Court must construe his petition liberally. *Bell v. Sec'y, Dep't of Corrections*, 2008 U.S. Dist. LEXIS 90740 (M.D. Fla. 2008) (citing

*Gunn v. Newsome*, 881 F.2d 949, 961 (11th Cir. 1989)). In his initial motion, Petitioner made no references to any specific violations of the Constitution or laws or treaties of the United States that would give grounds for remedies in this Court. (Dkt. 1 at 6). *See* 28 U.S.C. § 2254(a). In his reply, Petitioner alleges a Sixth Amendment violation. (Dkt. 15 at 1-3). The substance of Petitioner's request for relief in this petition has not changed from the collateral proceedings in state court. As a result, the Court will review the petition as having alleged a constitutional violation with his claim of actual innocence.

Since Respondent did not address whether Petitioner voluntarily waived any right to raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea, (Dkt. 13, Ex 2), this Court will not address that issue unnecessarily. *See generally Tollett v. Henderson*, 411 U.S. 258, 267 (U.S. 1973).

**A. Standard of Review:**

Pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2254(a). "Federal courts are not forums in which to relitigate state trials." *Herrera*, 506 U.S. at 401 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 887 (U.S. 1983)). "Few rulings would be more disruptive of our federal system than to provide for federal habeas review of freestanding claims of actual innocence." *Id.* Considering the Court liberally construes this petition to allege a Sixth

Amendment violation, the Court recognizes that Petitioner may have satisfied the requirement to entertain an application for a writ of habeas corpus under §2254(a).

Where a state court initially considers the issues raised in the petition and enters a decision on the merits, §2254(d) governs the review of those claims. *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). An application for writ shall be granted only if (1) the state decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) the state decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). *See Price v. Vincent*, 538 U.S. 634, 638 (U.S. 2003); *Maharaj v. Sec'y for the Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005).

The meaning of the "contrary to" and "unreasonable application" clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*

Section 2254 establishes a highly deferential standard for reviewing state court judgments. *Parker v. Sec'y for the Dep't of Corr.*, 331 F.3d 764, 768 (11th Cir. 2003). If the

federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*. *See also Yarborough v. Gentry*, 124 S.Ct. 1, 4 (2003). Moreover, Under § 2254(e) (1), a determination of a factual issue made by a state court shall be presumed to be correct, and the habeas petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36. 28 U.S.C. §2254(e) (1).

**B. Failure to Satisfy Prerequisites of 28 U.S.C. 2254 (d) and (e):**

Petitioner fails to allege that the conclusion of the state court is opposite to that reached by the U.S. Supreme Court on a question of law, or that the state court decided his case differently on a set of materially indistinguishable facts. 28 U.S.C. §2254(d) (1). Even if Petitioner had made this allegation in his petition, it would fail. In the context of whether a state court decision is contrary to clearly established federal law, the law of the Eleventh Circuit is that recantations should be viewed with extreme suspicion. *Murrah v. McDonough*, 256 Fed. Appx. 323, 325 (11th Cir. 2007) (unpublished). The state court afforded Petitioner a full and fair evidentiary hearing on the issue of the victim's recantation, and made its determination based on the evidence. (Dkt. 13, Ex 13, 19). The state court did not reach a conclusion "contrary to" a question of law, or differently than the U.S. Supreme Court on a set of materially indistinguishable facts.

Further, Petitioner fails to show how the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. §2254(d) (2). The state court afforded Petitioner a full and fair

evidentiary hearing on the issue of the victim's recantation, and other evidence allegedly supporting Petitioner's actual innocence claim. At the hearing, the victim testified that her affidavit was incorrect, and that Petitioner was in fact the one that robbed her. (Dkt. 13, Ex 19). The state court made its determination based on this hearing, and held that Petitioner had not shown that the victim changed her identification of him as the perpetrator of the crime. (Dkt. 13 at 9, Ex 20). Therefore, Petitioner fails to show how the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the evidentiary hearing.

At the 2004 evidentiary hearing, the victim testified that Petitioner was the person who assaulted her, and she signed the affidavit because Petitioner scared her. (Dkt. 13 at 9, Ex 19). The postconviction court's order reflects that Petitioner and his family intimidated the victim into signing the affidavit. (Dkt. 13, Ex 20). This case is a clear example of why recantations are to be viewed with extreme suspicion. *Murrah*, 256 Fed. Appx. at 325.

The state court was reasonable in concluding that the information offered in the victim's affidavit did not constitute reliable evidence of actual innocence. Thus, Petitioner does not overcome the presumption of correctness of the state court's adverse factual findings by clear and convincing evidence. 28 U.S.C. §2254(e) (1).

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DISMISSED for lack of jurisdiction.

2. The Clerk is directed to terminate any pending motions and close this file.

**DONE** and **ORDERED** in Tampa, Florida on July 10, 2009.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*F:\Docs\2008\08-cv-458.deny 2254.wpd*